PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS LEE DALE, | ) |
|             Petitioner, | ) CASE NO. 4: 24 CV 692 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN I. HEALY, | ) |
|             Respondent. | ) **MEMORANDUM OF OPINION** ) **AND ORDER** |

### I. Background

*Pro se* Petitioner Curtis Lee Dale, a federal prisoner incarcerated at FCI Elkton, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. ECF No. 1. In his Petition, he complains about a $500 disciplinary fine imposed upon him.

He claims that "[i]t is extortion that [the Bureau of Prisons or BOP] be allowed to fine inmates up to $500 just because they had a fight or use a cell-phone, not because of any damage to property," and that if "you don't sign off on the extortion policy they freeze your funds until you are released." ECF No. 1 at PageID #: 7, ¶13.

In addition, he claims the fine imposed on him violates the BOP's "incumberance [sic] funds policy," lacks "transparency," and that there is bias and racial discrimination in how the "DHO Disciplinary Hearing Officer gets to pick and choose who deserves a fine." ECF No. 1 at PageID #: 7-8, ¶13.

4:24-CV-692

On his civil cover sheet, Petitioner indicates he asserts the violation of his Eighth Amendment rights. For relief, he asks the Court "to stop this bias and discriminitive [sic] extortion policy based on race, color, creed, and/or dollar amount on your books," "make the BOP follow [its] own policy not to take money from pre-release accounts" and to "show transparency as to where this money goes," and "to have the BOP release [his] $500 they have fro[zen]." ECF No. 1 at PageID #: 8, ¶ 15.

On May 3, 2024, Petitioner filed what he labeled as an "Amended Complaint" in the case, in which he complains that a Unit Manager has taken his mail and property and asks for an order requiring that his property be returned. ECF No. 2.

**II. Standard or Review**

A federal district court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack of merit on their face).

**III. Discussion**

Upon review, the Court finds that the Petition must be dismissed because it does not raise a claim cognizable under § 2241. The only claims a federal prisoner may assert in a § 2241

4:24-CV-692

petition are those that challenge the execution of a sentence, such as the manner in which the BOP has computed a prisoner's sentence credits or determined his parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2241, however, "is not the proper vehicle for a prisoner to challenge conditions of confinement" during otherwise legal incarceration. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Sullivan v. U.S.*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence").

Petitioner's claims do not pertain to the execution of his sentence but, instead, pertain to conditions of his confinement and are not challenges that may be brought under § 2241. In order to challenge the conditions of which he complains, Petitioner must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Luedtke*, 704 F.3d at 466; *Sullivan*, 90 F. App'x at 863 (construing conditions-of-confinement claims as properly brought in a civil action under *Bivens*). To do so, Petitioner must file a complaint in new case, and either pay the $405 filing fee applicable to such actions or file an application to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915.

### IV. Conclusion

In accordance with the foregoing, the Petition is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss an improperly-filed § 2241 petition without prejudice to allow the petitioner to re-file his claims in a

3

4:24-CV-692

civil rights case). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|    June 12, 2024 |  /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |